UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PHOENIX INSURANCE COMPANY, LTD.
a/s/o KRAMER ELECTRONICS, LTD.,

                        Plaintiff,

  -against-

TAPEMAKER SALES COMPANY, INC. d/b/a
TAPEMAKER SALES, INC. and/or
TAPEMAKER,

                        Defendant.
-------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
23-cv-8822 (DG)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this insurance subrogation action, on referral from the Honorable Diane Gujarati for Report and Recommendation, is Plaintiff Phoenix Insurance Company, Ltd. a/s/o Kramer Electronics, Ltd.'s motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [13]. By way of a Complaint dated November 30, 2023, Plaintiff commenced this action against Defendant Tapemaker Sales Company, Inc. d/b/a Tapemaker Sales, Inc. and/or Tapemaker ("Defendant" or "Tapemaker") seeking to recover amounts that Phoenix paid to Kramer Electronics, Ltd. ("Kramer") pursuant to an insurance policy. DE [1]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part, and that Plaintiff be granted leave to submit adequate substantiation of the damages it seeks to recover.

I. BACKGROUND

A. <u>Facts</u>

All relevant facts are taken from the Complaint, pleadings, affidavits, and exhibits submitted in support of the instant motion. Plaintiff Phoenix Insurance Company, Ltd. ("Plaintiff" or "Phoenix") is an insurance company headquartered in Givatayim, Israel. *See* Complaint ("Compl."), DE [1], ¶ 4. Kramer is a global provider of electronic audio-visual equipment and components based in Tel Aviv, Israel. *Id.* at ¶ 5. Tapemaker provides "warehousing services" and has a place of business located at 48 Urban Avenue, Westbury, New York. *Id.* at ¶ 6. At all relevant times, Phoenix insured the audio-visual equipment and components that Kramer stored in Tapemaker's warehouse located in Westbury, New York. *Id.* at ¶ 4.

For "numerous decades," Tapemaker provided warehousing and order fulfillment services for Kramer at Defendant's warehouse located at 48 Urban Avenue, Westbury, New York (the "Warehouse"). *Id.* at ¶ 8. Although Kramer and Tapemaker did not have a formal written contractual relationship, Tapemaker charged Kramer $40,000 per month for its services, which Kramer paid. *Id.* at ¶ 9. At all relevant times, Phoenix insured Kramer, providing coverage for, among other things, loss and/or damage to Kramer's inventory while stored in the Warehouse (the "Insurance Contract"). *Id.* at ¶ 12.

On or about December 4, 2020, a fire broke out in the Warehouse, resulting in heavy damage and/or destruction to Kramer's inventory. *Id.* at ¶¶ 10-11. Pursuant to the Insurance Contract, Phoenix has made payments to Kramer because of damage

caused to Kramer's inventory by the fire. *Id.* at ¶ 13. Phoenix alleges that it is subrogated to the rights of its insured with respect to all claims for the damage sustained to Kramer's inventory, and that it has therefore "sustained damages in the amount of at least $1,001,852 plus interest, attorneys fees, and costs, no part of which has been paid." *Id.* at ¶¶ 14-15.

**B.    Procedural History**

On November 30, 2023, Plaintiff commenced this action against Defendant, seeking to recover amounts it has paid to Kramer because of the fire at Defendant's Warehouse. DE [1]. On February 5, 2024, Plaintiff served the Complaint and Summons on Defendant. *See* DE [6]. On May 2, 2024, this Court held an initial conference, at which Defendant failed to appear. *See* DE [8]. On May 22, 2024, after the deadline for Defendant to answer or otherwise respond to Plaintiff's Complaint had passed, Plaintiff requested that the Court issue a certificate of default against Defendant. *See* DE [10]. The Clerk of Court entered a Notice of Default against Defendant on May 23, 2024. *See* DE [11].

On July 26, 2024, Plaintiff filed the instant motion for default judgment against Tapemaker pursuant to Fed. R. Civ. P. 55, *see* DE [13], which Judge Gujarati referred to this Court for a Report and Recommendation. *See* July 31, 2024 Electronic Order. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part as to Defendant's liability, and that Plaintiff be granted leave to submit adequate substantiation of the damages it seeks to recover.

## II.   LEGAL STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-CV-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund*

4

*v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Once liability has been established, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).

### III.  DISCUSSION

Plaintiff seeks to recover $1,001,852 for the amount it has allegedly paid to Kramer because of damage caused by the fire in Tapemaker's Warehouse. *See* Compl. ¶ 35. In its Complaint, Plaintiff asserts causes of action for:  (1) breach of an implied-in-fact contract; (2) negligence; and (3) breach of bailment. For the reasons set forth herein, the Court respectfully recommends that default judgment be entered with respect to Plaintiff's claims for negligence and breach of bailment, and that Plaintiff be granted leave to submit adequate substantiation of the damages it seeks to recover.

#### A.  Liability

##### 1.  Subrogee's Ability to Recover

As an initial matter, under New York law, "[i]t is the very essence of subrogation that a subrogee stands in the shoes of the subrogor and is entitled to all of the latter's rights, benefits and remedies." *Travelers Indem. Co. of Conn. v. The Losco Group, Inc.*, 136 F. Supp. 2d 253, 255 (S.D.N.Y. 2001) (quoting *Spier v. Erber*, 759 F. Supp. 1024, 1027 (S.D.N.Y. 1991)); *see also Fed. Ins. Co. v. CLE Transp., Inc.*, No. 18-CV-11119, 2020 WL 1503455, at *2 n.3 (S.D.N.Y. Mar. 30, 2020) (observing that the plaintiff insurer was "an insurer-subrogee and therefore [stood] in the shoes

5

of . . . its insured"); *Everest Reinsurance Co. v. Collector's Fantasy of Brooklyn, Inc.*, No. 09-CV-5015, 2012 WL 2953955, at *3 (E.D.N.Y. July 19, 2012) (holding that the plaintiff had a "viable subrogation claim, which vested when [the insurer] paid [the insured] for its losses" in accordance with an insurance policy); *Bankers Standard Ins. Co. v. R.C. Complete Landscaping*, No. 17-CV-4415, 2019 WL 2437160, at *2 (E.D.N.Y. Feb. 27, 2019) (granting default judgment for property damage in subrogation action). Therefore, in evaluating the instant motion for default judgment, the Court considers whether Kramer would have a right to recover from Tapemaker because of damages caused by the fire in the Warehouse.

   2.  Breach of Implied-In-Fact Contract

Under New York law, "a contract may be implied where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 455 (S.D.N.Y. 2014). "An implied-in-fact contract is equally binding as an express contract; therefore, an implied in fact contract requires proof of the same elements to establish an express contract—mutuality of intent, offer and acceptance, lack of ambiguity, and consideration." *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 218 (E.D.N.Y. 2007); *see also Keybank Nat'l Ass'n v. Med. Records Retrieval, Inc.*, No. 20-CV-4960, 2022 WL 903060, at *4 (E.D.N.Y. Mar. 28, 2022) ("The elements to establish a *prima facie* claim of breach of contract under New York law are (1) the existence of an agreement, (2) adequate performance of the contract

6

by the plaintiff, (3) breach of contract by the defendant, and (4) damages.") (internal quotations omitted).

Plaintiff's allegations, even accepted as true, are insufficient to establish a claim for breach of an implied-in-fact contract. By Plaintiff's own admission, Kramer and Tapemaker did not have an explicit written contract detailing the nature of their relationship or any obligations arising thereunder. *See* Plaintiff's Memorandum of Law in Support of Motion for Default Judgment ("Pl.'s Mem."), DE [13-1] at 7. Instead, Plaintiff alleges that the parties' course of conduct spanning several decades establishes an implied-in-fact contract. *See* Compl. ¶¶ 8, 16-23. Plaintiff alleges that Tapemaker breached its implied-in-fact contract because "Tapemaker failed to reasonably exercise care with respect to Kramer's property stored in its warehouse." *Id.* at ¶ 20. However, Plaintiff does not allege the terms of any such implied-in-fact contract, including any obligations that Tapemaker may have had arising thereunder, or how Tapemaker breached any such obligations. In the absence of a written agreement or any allegations concerning Tapemaker's obligations under the implied-in-fact contract, the Court is unable to conclude that Tapemaker breached its agreement with Kramer.

Therefore, the Court respectfully recommends that Plaintiff's motion for default judgment be denied with respect to its claim for breach of an implied-in-fact contract.

7

### 3. Negligence

To establish a claim for negligence, "a plaintiff must show '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *State Farm Fire & Cas. Co. v. Advanced Chimney, Inc.*, No. 13-CV-4608, 2014 WL 4438899, at *6 (E.D.N.Y. Aug. 11, 2014) (quoting *Caronia v. Philip Morris USA, Inc.*, 715 F.3d 417, 428 (2d Cir. 2013)).

Plaintiff's allegations, accepted as true, are sufficient to establish a cause of action for negligence. Phoenix alleges that Tapemaker owed Kramer a duty of care for the property Kramer stored in the Warehouse, that Tapemaker breached this duty by failing to prevent and/or rapidly extinguish the fire that broke out in the Warehouse, and that Tapemaker's breach of its duty of care caused damages to the property that Kramer stored in the Warehouse. *See* Compl. ¶¶ 24-29. Plaintiff further alleges that it made insurance payments to Kramer because of these damages. *Id.* at ¶ 29.

These allegations, accepted as true, are sufficient to establish a claim for negligence. *See State Farm Fire & Cas. Co.*, 2014 WL 4438899, at *8 (holding that the plaintiff stated a claim for negligence where the plaintiff suffered damages as a result of a fire that the defendant caused); *Interested Underwriters at Lloyd's v. Atlantic Fine Art Servs., Inc.*, No. 11-CV-569, 2011 WL 13377385, at *3 (E.D.N.Y. Nov. 18, 2011) (finding allegations of negligence to be sufficient where a bailee failed to return the property in question); *Everest Reinsurance Co. v. PRBK, LLC*, No. 09-CV-5607, 2010 WL 5490950, at *2 (E.D.N.Y. Dec. 10, 2010) (Report and

8

Recommendation), *adopted by* 2011 WL 13924 (E.D.N.Y. Jan. 4, 2011) (granting motion for default judgment for negligence where the defendant directly and proximately caused the plaintiff's damages).

Therefore, the Court respectfully recommends that Plaintiff's motion for default judgment be granted with respect to its claim for negligence.

4. Breach of Bailment

To establish a bailment under New York law, the plaintiff must show "the intent to create a bailment, delivery of possession of the bailed items, and acceptance of the items by the bailee." *Allianz Global Corp. & Specialty v. MSC "Moneterey"*, No. 13-CV-7563, 2014 WL 4631891, at *3 (S.D.N.Y. Sept. 16, 2014) (quoting *Chilewich Partners v. M.V. Alligator Fortune*, 853 F. Supp. 744, 756 (S.D.N.Y. 1994)). "[I]t is essential to a finding of bailment that the bailor's property be taken into the possession of the bailee, so that the bailee is responsible for its care and custody." *Herrington v. Verrilli*, 151 F. Supp. 2d 449, 457 (S.D.N.Y. 2001) (citing *Osborn v. Cline*, 263 N.Y. 434, 437, 189 N.E. 483 (1934)). A breach of bailment occurs where "the bailee failed to 'exercise care and diligence in protecting and keeping safe' the bailee's property." *Wallace v. Health Quest Sys., Inc.*, No. 20-CV-545, 2021 WL 1109727, at *13 (S.D.N.Y. Mar. 23, 2021) (quoting *Mack v. Davidson*, 55 A.D.2d 1027, 1028, 391 N.Y.S.2d 497 (4th Dep't 1977)).

Plaintiff alleges that Tapemaker was a bailee of inventory belonging to Kramer and delivered to Tapemaker's Warehouse. *See* Compl. ¶ 31. Phoenix further alleges that Tapemaker, as bailee, had a duty to keep and care for Kramer's inventory, which

9

Tapemaker breached by allowing the inventory to be damaged and/or destroyed by the fire in the Warehouse.  *Id.* at ¶¶ 32-34.  These allegations, accepted as true, are sufficient to establish a claim for breach of bailment.  *See Wallace*, 2021 WL 1109727, at *13; *Davis v. Brown*, No. 12-CV-1906, 2015 WL 1475711, at *3-4 (E.D.N.Y. Mar. 31, 2015) (holding that the plaintiff stated a claim for breach of bailment where the defendant took possession and control over the property at issue and agreed to assure its security); *Interested Underwriters at Lloyd's*, 2011 WL 13377385, at *3.  Therefore, the Court respectfully recommends that Plaintiff's motion for default judgment be granted with respect to its claim for breach of bailment.

### B. Damages

Once liability is established, the court must ascertain damages with "reasonable certainty."  *Hosking v. New World Mortgage, Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014); *Team Air Express, Inc. v. A. Heffco Techs., Inc.*, No. 06-CV-2742, 2008 WL 3165892, at * 3 (E.D.N.Y. Aug. 6, 2008) (Report and Recommendation), *adopted by* 2008 WL 4790460 (E.D.N.Y. Oct. 28, 2008) ("While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." (internal quotation marks and citation omitted)).  Accordingly, the Court must assess whether Plaintiff has produced sufficient evidence of the damages it seeks.  *See Gutman v. Klein*, No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) (Report and Recommendation), *adopted by* 2010 WL 4916722 (E.D.N.Y. Nov. 24, 2010).

10

The Court has discretion to determine whether an evidentiary hearing is necessary to determine damages not susceptible of simple mathematical calculation. *See* Fed. R. Civ. P. 55(b)(2); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1160 (E.D.N.Y. 1995) (citations omitted). "[T]he moving party bears the burden of providing a reasonable basis for determination of damages and should not be awarded damages if the evidence is not adequate." *Id.* (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *Sullivan v. Marble Unique Corp.*, No. 10-CV-3582, 2011 WL 5401987, at *2 (E.D.N.Y. Aug. 30, 2011) (Report and Recommendation), *adopted by* 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011) ("On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'").

Here, Plaintiff fails to allege facts or provide evidence sufficient to establish the damages it seeks to recover. Although Phoenix alleges that it has "been damaged in the amount of at least $1,001,852," *see* Compl. ¶ 35, Phoenix provides no substantiation for any such claim. Therefore, Plaintiff has failed to meet its burden of proof with respect damages. *See U.S. Bank Nat'l Ass'n v. Kozikowski*, No. 19-CV-783, 2022 WL 4596753, at *4 (E.D.N.Y. Sept. 30, 2022) (declining to award damages but permitting the party seeking a default judgment to submit additional evidence to substantiate its damages); *Designer Greetings, Inc. v. Shah*, No. 14-CV-5936, 2016 WL 1029496, at *1 (E.D.N.Y. Mar. 15, 2016) (declining to enter award of damages, but permitting the plaintiff to submit substantiation of the damages it sought to recover).

Nevertheless, given the transactional nature of Plaintiff's claims and the potential damages it seeks, the Court does not consider a hearing on damages to be necessary. Instead, the Court recommends that Plaintiff be granted leave to submit an affidavit with adequate evidence to substantiate its damages. *Designer Greetings, Inc.*, 2016 WL 1029496, at *1; *Hutchins v. Palmer*, No. 12-CV-5927, 2018 WL 2031941, at *6 (E.D.N.Y. Feb. 9, 2018) (Report and Recommendation), *adopted by* 2018 WL 1202639 (E.D.N.Y. Mar. 8, 2018) (recommending that an unsubstantiated request for damages be denied on a motion for default judgment).

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for a default judgment be granted in part and denied in part, and that Plaintiff be granted leave to submit further substantiation of its claim for damages.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035,

at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
          October 11, 2024

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge
